UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2605-MAN | Date | February 13, 2014 |
|----------|----------------|------|-------------------|
| Title | *Sigitis Raulinaitis v. Ventura County Sheriffs Department* | | |

| Present: The Honorable | Margaret A. Nagle, United States Magistrate Judge | |
|---|---|---|
| Earlene Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:**     Order Vacating Prior Order, Directing Response, Ordering Briefing, And Vacating Hearing Date

The Court hereby VACATES its Order of February 12, 2014 [Docket No. 35] and issues this Order governing further proceedings regarding defendant's motion for judgment on the pleadings, etc. filed on January 31, 2014 ("Motion").

As a threshold matter, the Court has concluded, preliminarily, that the Motion is not appropriately brought under Fed. R. Civ. P. 12(c) as a motion for judgment on the pleadings. Pursuant to the procedure agreed upon by the parties and the Court, through its May 31, 2013 Case Management Order, in lieu of cross-motions for summary judgment, plaintiff filed a motion for summary judgment and briefing ensued.  On December 31, 2013, the Court denied that summary judgment motion (the "SJ Order").  In the instant Motion, defendant assumes that the SJ Order is a "pleading" within the meaning of Rule 12(c) and argues that, based on the substance of the SJ Order, it is entitled to judgment on the pleadings pursuant to Rule 12(c).

The standard applied on a Rule 12(c) motion is essentially the same as that under Rule 12(b)(6), *i.e.,* the Court must determine whether, based upon the material facts alleged in the complaint and inferences reasonably drawn therefrom, which are deemed to be true, the complaint contains sufficient facts to state a claim that is plausible on its face. *See, e.g.*, Chavez v. United States, 683 F.3d 1102, 1108-09 (9th Cir. 2012).  If matters outside the pleadings are presented on a Rule 12(c) motion and not excluded, the motion must be treated as one for summary judgment brought under Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2605-MAN | Date | February 13, 2014 |
|---|---|---|---|
| Title | *Sigitis Raulinaitis v. Ventura County Sheriffs Department* | | |

The Motion asks the Court to rely upon factual findings it made, and legal conclusions it drew, in the SJ Order, which were based in substantial part on extrinsic evidence submitted by the parties and obtained by the Court. The SJ Order is not a "pleading" for Rule 12(c) purposes. Even if, as defendant asserts, the Court may take judicial notice of the content of the SJ Order, doing so necessarily would require the Court to rely on evidence outside the complaint, *to wit*, that presented by the parties and obtained by the Court and considered by the Court is issuing the SJ Order. Even through the consideration of such extrinsic evidence at this juncture is one step removed from the Court's consideration of it last year in connection with the SJ Order, the fact remains that the Court would be required to consider extrinsic evidence to grant the relief sought by the Motion. Accordingly, the Court concludes that, under Rule 12(d), the Motion must be converted to one for summary judgment pursuant to Rule 56, if it is to be considered.

The Motion does cursorily note that relief by way of summary judgment is sought alternatively. In his Opposition, plaintiff has treated the Motion as if it is one brought under only Rule 12(c). In the SJ Order, the Court expressly noted the parties' failure to comply with the requirements for summary judgment motions brought in this district under Local Rule 56-1 and 56-2, and they have continued such noncompliance in connection with the instant Motion, as neither party has submitted the statements required by Local Rule 56-1 and 56-2. Thus, a procedural problem exists with respect to the conversion of the instant Motion, pursuant to Rule 12(d), to a motion for summary judgment under Rule 56 and the relevant Local Rule.

There are two options for resolving this procedural issue:

1.    The parties may stipulate, under Rule 12(d), to the conversion of the Motion to a motion for summary judgment pursuant to Rule 56 **and** to the waiver of the filing requirements of Rules 56-1 and 56-2; or alternatively,

2.    The Court can set a briefing schedule for the parties' compliance with Local Rule 56-1 and 56-2.

Accordingly, **by February 20, 2014**, the parties shall file a joint response to this Order in which they advise the Court of which of the foregoing two options they wish to exercise. Should the parties decide to proceed with the first option, they simply may file the requisite stipulation/waiver, and the Court then will issue an appropriate order regarding further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2605-MAN | Date | February 13, 2014 |
|---|---|---|---|
| Title | *Sigitis Raulinaitis v. Ventura County Sheriffs Department* | | |

proceedings.

Second, the Ninth Circuit today issued its published decision in <u>Peruta</u> <u>v.</u> <u>County</u> <u>of</u> <u>San</u> <u>Diego</u>, slip op. No. 10-56971 (9th Cir. Feb. 13, 2014).  Particularly in view of the argument set forth in plaintiff's Opposition to the Motion, the Court believes that briefing on the <u>Peruta</u> decision is needed.  Accordingly, **by March 7, 2014**, the parties shall file and serve their respective briefs addressing the <u>Peruta</u> decision.  Replies, if any, shall be filed and served within ten (10) days.

Finally, given the foregoing, the Court hereby VACATES the March 11, 2014 hearing scheduled for the Motion.  The Court will decide whether to set a new hearing date, or to proceed without oral argument pursuant to Local Rule 7-15, once it receives the parties' response and briefing and determines the manner in which the Motion will proceed.

IT IS SO ORDERED.

_____ : _____

Initials of Preparer

_____