UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2605-MAN | Date | April 23, 2014 |
|---|---|---|---|
| Title | *Sigitas Raulinaitis v. Ventura County Sheriffs Department* | | |

| Present: The Honorable | Margaret A. Nagle, United States Magistrate Judge | |
|---|---|---|
| Earlene Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:** Order Denying Plaintiff's Ex Parte Application For Temporary Restraining Order And To Set Hearing On A Preliminary Injunction ("Application")

On February 24, 2014, plaintiff filed the Application, which seeks an order directing defendant to issue a concealed weapons permit to plaintiff.[1] On February 25, 2014, defendant filed an Opposition to the Application and a Notice Of Errata. The parties stipulated to continue the hearing on the Application to March 4, 2014. On March 4, 2014, the Court heard argument from the parties with respect to the Application. The parties, and the Court, agreed to continue the hearing on the Application to April 22, 2014, given the possibility of changed circumstances. After the Courtroom Deputy Clerk received e-mail communications from the parties, the Court issued a Minute Order on April 17, 2014, which took the continued hearing on the Application off calendar and set a telephonic Status Conference for the same date and time. On April 21, 2014, after the Courtroom Deputy Clerk received further e-mail communications from the parties, the Clerk advised the parties, by e-mail, that the telephonic Status Conference would go forward as scheduled and that, if plaintiff wished to submit any further argument in support of the Application, he would be permitted to do so at the Status Conference. On April 22, 2013, the telephonic Status Conference proceeded. The Court heard brief additional argument from counsel for both parties regarding the Application.

After having considered the parties' filings in connection with the Application, the parties' arguments at the March 4, 2014 hearing on the Application and at the April 22, 2014 Status

---

[1] This is the same relief sought by the Complaint in this action, which was filed on April 15, 2013. (*See* Complaint at 2, Prayer for Relief - "For an order requiring Defendant to issue a Permit to Plaintiff without delay.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2605-MAN | Date | April 23, 2014 |
|---|---|---|---|
| Title | *Sigitas Raulinaitis v. Ventura County Sheriffs Department* | | |

Conference, the record in this case, and the governing law, the Court DENIES the Application for the following reasons:

A request for a temporary restraining order ("TRO") is evaluated utilizing the same factors that generally apply to a preliminary injunction. *See* Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365 (2008).[2]

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22. The moving party bears the burden of meeting all prongs of the Winter test. Alliance for the Wild Rockies, 632 F.3d at 1135. The decision whether to grant or deny a TRO is matter within the district court's discretion. *See* Grand Canyon Skywalk Devel., LLC v. 'Sa' Nyu Wa Inc., 715 F.3d 1196, 1200 n.1 (9th Cir. 2013).

The purpose of preliminary injunctive relief "is to preserve the status quo between the parties pending a resolution of the case on its merits." McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012). The standards for obtaining a TRO are heightened when, as in the case of the instant Application, the proposed injunctive relief is mandatory, as opposed to prohibitory, in nature. Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993). "A mandatory injunction orders a responsible party to take action" and, therefore, "goes well beyond simply maintaining the status quo." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (citations and internal quotation marks omitted). Accordingly, mandatory injunctions are "particularly disfavored." *Id.* (internal quotation marks omitted). "When a mandatory preliminary injunction is requested, the district court should deny such relief unless the facts and law clearly favor the moving

---

[2] The Ninth Circuit has held that, if the moving party can demonstrate, under Winter, the requisite likelihood of irreparable harm and that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2605-MAN | Date | April 23, 2014 |
|---|---|---|---|
| Title | *Sigitas Raulinaitis v. Ventura County Sheriffs Department* | | |

party." Stanley v. University of Southern California, 13 F.3d 1313, 1320 (9th Cir. 1994) (citations and internal quotation marks omitted).

Neither issuing a TRO nor setting an order to show cause why preliminary injunctive relief is required would be appropriate based upon the record before the Court, because plaintiff has failed to meet his burden of demonstrating, by a "clear showing," all the factors necessary for an issuance of the extraordinary relief he seeks.

Plaintiff clearly has not shown that he will suffer irreparable harm unless the requested TRO and/or preliminary injunctive relief issues. Plaintiff's only argument in support of the irreparable harm factor is that, because defendant has denied plaintiff a permit to carry concealed weapons in the County of Ventura, plaintiff is irreparably harmed by his inability to exercise his Second Amendment right to bear arms for self-defense. This same situation existed, however, when the Complaint, which seeks the same relief as the Application, was filed in April 2013. Plaintiff's delay of almost 11 months in filing the Application precludes finding that his need for relief is so urgent that the denial of the relief sought in the present Application would irreparably damage plaintiff. Put otherwise, when this action was brought, plaintiff had been denied a concealed weapons permit, and at this time, he remains in that same position. No factual or legal basis has been presented on which the Court could reasonably conclude that altering the status quo, by ordering mandatory injunctive relief a year later, is required to prevent immediate and irreparable harm to plaintiff.

In addition, the Application fails to demonstrate the requisite likelihood of success on the merits or, for purposes of the Ninth Circuit's alternative test, the existence of serious questions going to the merits along with that the balance of hardships tips sharply in plaintiff's favor. It is undisputed that defendant denied plaintiff's application for a concealed weapons permit on the ground that, at the time of plaintiff submitted his original permit application,[3] he did not meet California's county residence requirement.[4] Thus, the sole issue in this case is whether defendant's application of California's residency requirement to plaintiff, under the facts and circumstances of this case, violated plaintiff's Second Amendment right to bear arms for self-defense. Plaintiff moved for summary judgment,

---

[3] Plaintiff presently has a renewed permit application pending.

[4] As a result of the residency finding, defendant did not reach the other California requirements for issuance of a concealed weapons permit, and they do not appear to be in issue in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2605-MAN | Date | April 23, 2014 |
|---|---|---|---|
| Title | *Sigitas Raulinaitis v. Ventura County Sheriffs Department* | | |

arguing that defendant had misapplied California's residency requirement and, by this alleged misapplication of California law, had violated plaintiff's Second Amendment right to bear arms for self-defense.[5] On December 31, 2013, the Court denied summary judgment, finding that plaintiff had failed to establish a misapplication of California law. Plaintiff did not seek timely reconsideration of the Court's Order, and when the Court recently offered him the opportunity to do so, plaintiff declined and indicated he may prefer a trial on the issue.

The Court is well aware that plaintiff disagrees with the December 31, 2013 Order and asserts that the Court should have applied the two-step test set forth in United States v. Chovan, 735 F.3d 1127 (9th Cir. 2013).[6] Whether the Chovan decision will stand as is or rehearing and/or *en banc* review will be granted remain open questions, and hence, whether Chovan will apply in this case is uncertain. In any event, the barebones Application does not establish that plaintiff is likely to prevail should the Chovan test be applied here. Indeed, the parties have yet to brief this issue and have not yet submitted the full record needed to resolve this issue.[7]

Finally, the Application makes no effort to satisfy the remaining Winters factors, *i.e.*, that the balance of equities tips in plaintiff's favor and that ordering defendant to issue a concealed weapons permit to plaintiff is in the public interest. Plaintiff does not set forth any basis for finding that these factors weigh more heavily in his favor than in favor of defendant's interest in applying California law in the manner defendant believes appropriate.

Plaintiff plainly has not shown that he will be irreparably injured if the requested injunctive relief is not granted, and for that reason alone, the Application must be denied. He also has not met his burden of demonstrating, by a "clear showing," the other factors that must be

---

[5] Plaintiff did *not* argue that California's residency requirement, in itself, violates the Second Amendment; indeed, he has not alleged any such theory in the Complaint or argued it in any of his filings in this case. Rather, his contention always has been that he is a "resident" of Ventura County under California law and defendant erred in finding otherwise.

[6] The Chovan decision issued on November 18, 2013, and is not final. Neither party cited or discussed Chovan in his summary judgment briefing or requested reconsideration of the Court's Order based on Chovan.

[7] The Application is brief, and plaintiff did not submit any evidence to support it.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2605-MAN | Date | April 23, 2014 |
|---|---|---|---|

| Title | *Sigitas Raulinaitis v. Ventura County Sheriffs Department* |
|---|---|

satisfied before injunctive relief may issue. Accordingly, the Application must be, and is, DENIED.

IT IS SO ORDERED.

                                                                                                             :

Initials of Preparer   efc