JONATHAN W. BIRDT, SBN 183908
Law Office of Jonathan W. Birdt
10315 Woodley Ave, Suite 208
Granada Hills, CA 91344
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
jon@jonbirdt.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGITAS RAULINAITIS,<br><br>    Plaintiff,<br><br> vs.<br><br>VENTURA COUNTY SHERIFFS DEPARTMENT,<br><br>    Defendants. | CASE NO. CV 13-2605MAN<br><br>PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF RE MOTION FOR SUMMARY JUDGMENT<br><br>Oral Argument and Further Briefing waived |

## I. INTRODUCTION

Plaintiff submits this joint reply and opposition to Defendants motion for Summary Judgment. The issue has now become quite well established and Defendant agrees that Plaintiff meets all statutory criteria. Plaintiff contends he also meets Defendants heightened definition of residency because he is in fact a resident and domiciliary of Ventura, though Defendant is precluded from denying on this basis under an intermediate scrutiny standard because it serves no governmental interest. In essence, Defendant is attempting to deny by offering irrelevant and inadmissible hearsay to prove something Defendant does not dispute- he does not always sleep at home in Ventura. Plaintiffs has always been very clear that he maintains multiple homes and even travels on occasion sleeping in hotel rooms, but none of that is relevant to Defendants statutory duty, and in fact infringes Plaintiffs rights further and violates the very statute at issue.

_____
PLAINTIFF'S OPPOSITION AND REPLY BRIEF RE MOTIONS FOR SUMMARY JUDGMENT - 1

## II. EVIDENCE BEFORE THE COURT

In support of his Motion for Summary Judgment, Plaintiff has declared:

1. I am a resident and domiciliary of Ventura County where I maintain my primary home in and am registered with the DMV as my residence and with the Secretary of State to vote. If I am ever absent from my Ventura home, it remains my permanent home where I plan on returning.
2. Ventura is the place where I remain when not called elsewhere for labor or other special or temporary purpose, and to which I return in seasons of repose. (Ironically, Defendant offers this exact language in his MSJ as a definition of residency, and so it appears that Defendant and Plaintiff are in agreement thereon.)
3. I have the intention of remaining in Ventura, and, whenever I am absent I have the intention of returning.

In Opposition, Defendants proffer admissible evidence that they did not conduct a new interview of Plaintiff, and instead went to his Oxnard home on three days in April at 5:30 a.m. and failed to observe one of the vehicles registered to Plaintiff. Further, Defendants did identify that Plaintiff slept in Santa Clarita on two nights in April, but not on the third night- facts not in dispute. Defendant also offers, and Plaintiff hereby objects to, summaries of some interviews conducted of some witnesses who are not even identified. Finally, Plaintiff proffers that had Defendant conducted a new interview they would have learned that Plaintiff has now completed his transition to Ventura, spending many more of his nights there than at the time of the initial interview, while sleeping at the Santa Clarita residence during some nights of the week as a commuter residence. Had Defendant simply asked for Plaintiff's schedule, it would have been provided and Defendant would not have needed to spend precious resources on establishing facts that Plaintiff has no reason to hide or object to.

Additionally, Plaintiff's son no longer lives at the residence having successfully graduated from CSUCI and found employment and residence in Oxnard and Ventura respectively. (As an aside, as part of the initial investigation into the first application for CCW by the Plaintiff, VCSD claimed that the manager of the Condominium complex claimed that Plaintiff's wife told the manager that the

condominium was being rented out to Plaintiff's son.  This was never a true statement.) Ironically, Defendant concedes Plaintiff is registered to vote in Ventura, now refers to this fact as of "extremely minimal significance" perhaps explaining why Defendant does not even address the fact that according to Plaintiffs DMV registration, his registered State "Domicile" is Ventura County.

### III. LEVEL OF SCRUTINY

Defendants' evidence and discretionary definition must now be analyzed with an intermediate scrutiny approach:

> After considering the approaches taken by other circuits that considered the constitutionality of § 922(g)(9), we hold as follows. We adopt the two-step Second Amendment inquiry undertaken by the Third Circuit in Marzzarella, 614 F.3d at 89, and the Fourth Circuit in Chester, 628 F.3d at 680, among other circuits. Applying that inquiry, we hold that § 922(g)(9) burdens conduct falling within the scope of the Second Amendment's guarantee and that intermediate scrutiny applies to Chovan's Second Amendment challenge. Finally, like the First, Fourth, and Seventh Circuits, we apply intermediate scrutiny….
>
> U.S. v. Chovan (9th Cir. 2013) 735 F.3d 1127, 1136

Residency here is a something of a red herring because Plaintiffs' current declaration satisfies all of the definitions provided by Defendant.  Moreover, while there are many Sheriffs' there is only one State Permit and this Sheriff has demonstrated his ability to devote note only Tens of Thousands of Dollars in legal fees, but hundreds of collective man hours to establish what Plaintiff concedes- that he sleeps in more than one place and at that the same time demonstrating and stipulating that Good Moral Character and Good Cause are no longer at issue after processing and denying Plaintiffs' Second Application.  Defendant apparently has decided to ignore Plaintiffs' Declaration in support of the instant motion, and has not followed the same procedure followed with the first application, i.e. interview and DMV check.  As such, any argument that the Sheriff has an interest in being able to investigate a resident is well satisfied by two exhaustive surveillances conducted on the plaintiff and the discovery of a twitter account from 2010.

_____
PLAINTIFF'S OPPOSITION AND REPLY BRIEF RE MOTIONS FOR SUMMARY JUDGMENT - 3

The only other possible State interest reason for the Sheriff to deny on residency grounds may be his belief that it interferes with the discretion of another Sheriff perhaps, though Defendant offers no argument as to the basis for his discretionary decision and instead simply proffers some facts about a few days of surveillance.  It is unclear why Defendant has opted not to attempt to support his discretion policy despite having an affirmative duty to do so, nor is it clear why defendant has not updated the Court regarding the exhaustive DMV and records check it conducted on the First application, but not the second.  Nor is it clear why Defendant did not seek to interview the Plaintiff again regarding his status and residency- perhaps knowing that the reality is as preferred in plaintiffs' declaration in support of this motion.  Instead, Defendant continues to argue he is entitled to unfettered discretion to decide who gets to issue a Fundamental Right and who doesn't.

Plaintiff is a law abiding citizen unable to exercise his Fundamental Right to Self-Defense because Defendant refuses to issue him a permit necessary to exercise such right based solely upon his admitted unfettered ability to exercise discretion; however, when a fundamental right is recognized, substantive due process forbids infringement of that right "at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292 (1993) at 301-02 (citations omitted).

It is repugnant to Constitutional Jurisprudence to suggest that an elected official could supplant his own wisdom for that clearly stated by the legislature and then exercise that discretion to deny Plaintiff the ability to exercise a Fundamental Right in any lawful manner outside of his home. Under Cantwell v. Connecticut (1940)  310 U.S. 296, and its progeny, States and localities may not condition a license necessary to engage in constitutionally protected conduct on the grant of a license officials have discretion to withhold.  Further, a host of prior restraint cases establish that "the peaceful enjoyment of freedoms which the Constitution

guarantees" may not be made "contingent upon the uncontrolled will of an official." Staub v. Baxley (1958) 355 U.S. 313, 322.

The only identified State interest here in residency, as this Court previously noted, relates to preventing people from getting permits hundreds of miles from their own home, not from a County where the Sheriff came up with his own fancy definition:

> Before Senate Bill 1272 was signed by then Governor Ronald Reagan on August 30, 1969, the Attorney General and Assistant Attorney General of the State of California sent the Governor a memorandum on August 11, 1969, urging him to sign the bill into law and stating:
>> The purpose of this bill is to curtail the present practice of "shopping" for concealed weapons permits throughout the state. It is now common practice for citizens to obtain these permits from law enforcement agencies in jurisdictions hundreds of miles from their residence.
> Order on prior Motion for Summary Judgment at Page 14

Defendants' failure to refute Plaintiffs declaration and reference to voter and DMV Domicile as being minuscule related materials ignores the entirety of the State law that permits even a homeless park dweller to be considered a resident of County.

III. **DEFENDANT HAS VIOALTED PLAINTIFFS FUNDAMENTAL RIGHTS AS ESTABLISHED IN PERUTA**

While defendant seems stuck on the definition of residency, he woefully fails to explain why he is stuck on residency. Under any definition, the declaration of Plaintiff satisfies those requirements, so then why does Defendant insist that Plaintiff does not meet any definition? That is a mystery that will remain as Defendant fails to address it, stating only that he has unfettered discretion to do what he wants effectively thumbing his nose at the Court and calling Plaintiff a liar but such actions no longer withstand the historic indifference demonstrated by some elected officials in this State when it comes to abiding by and enforcing Fundamental Rights.

Thus, the Supreme Court identified in Heller an unequivocal Second Amendment "individual right to possess and carry weapons in case of confrontation." 554 U.S. at 592. In McDonald v. City of Chicago, 130 S.Ct. 3020, 3026 (2010), the Court held that "the Second Amendment right is fully applicable to the States."

Additionally, on February 13, 2014, the Ninth Circuit in Peruta v. County of San Diego, 742F.3d 1144 (9th Cir. 2014) explicitly ruled that any responsible law abiding citizen has a right under the Second Amendment to carry a gun in public for self-defense, either openly or concealed. Id. at 1166. California law bars open carry, Cal. Penal Code § 26350, but will grant a concealed weapon permit if an applicant demonstrates "good moral character," completes a specified training course and establishes "good cause." Id. at 1147-1148, citing Cal. Penal Code §§ 26150, 26155. The Ninth Circuit rejected the County of San Diego's policy that concern for one's personal safety alone is not considered "good cause." Id. At 1148.

Defendants only expressed policy concern here is that people may seek permits from Sheriffs' hundreds of miles from their own home, but we know that the Sheriff here has no problem locating Plaintiff or the places he might sleep. Further, Defendant has agreed that GMC and GC has been established.  This according to Defendant was the historical reason for imposing (among others) a residency requirement.  With the advent of modern data bases it appears that Ventura County has satisfied itself with GMC and GC and yet objects to residency on the notion that it makes that task harder or impossible.  Peruta is governing Ninth Circuit law that lower courts must follow. See Nichols v. Hams, — F. Supp. 2d — , 2014 WL 1716135*1 (C.D. Cal.) (panel decision is binding on lower courts as soon as it is published and remains binding even if the mandate is stayed, citing Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc)).

## IV. IN VIOLATION OF THE VERY STATUTES AT ISSUE DEFENDANT HAS INNAPROPRIATELY INVADED PLAINTIFFS PRIVACY

Penal Code Section 26175 (g) states that an applicant shall not be required to complete any additional application or form for a license, or to provide any information other than that necessary to complete the standard application form established by the Department of Justice. Defendant, by his very admission goes far beyond the standard information he is limited to by the DOJ application which contains no questions regarding where a person sleeps in fact all that is required is a voter registration declaration and declaration as provided by Plaintiff in the moving papers.

> Appellants' submission of their signed registration affidavits was sufficient compliance with this requirement. Under California law, a person who signs an affidavit of registration has certified that the contents of the affidavit are true and correct. No other written proof of residency is required. (Elec.Code §§ 301, 500, subd. (j).)
> <u>Collier v. Menzel</u> (1985) 176 Cal.App.3d 24, 31-32

Plaintiffs Declaration, voter and DMV registration all clearly establish his residence and Domicile, a fact not refuted by evidence that he doesn't sleep at the stated address every single night. Moreover, the law specifically in at least two places cited herein and indirectly via the California Constitutional Right of Privacy limits the right of the government to inquire further as to where a person opts to sleep on any given night.

## I. CONCLUSION

Defendant admits that Plaintiff has met all statutory criteria, but not his heightened standard for residency. Plaintiff has demonstrated that such exercise of discretion fails to even meet the rational basis review standard for the issuance of a State permit and defendant has not offered an compelling need for his policy in this circumstance, in fact proving the opposite, his great ability to monitor and investigate Plaintiff, and by omission, admitting that Plaintiffs' declaration is true and correct.

_____
PLAINTIFF'S OPPOSITION AND REPLY BRIEF RE MOTIONS FOR SUMMARY JUDGMENT - 7

1  Plaintiff respectfully submits that Defendants' discretionary acts violate his
2 Fundamental Second Amend Rights, along with State Statutory and Case law related
3 to residency.

June 3, 2014                               /s/
                                           _____
                                           Jonathan W. Birdt
                                           Counsel for Plaintiff